Carl E. KESSLER, Plaintiff,

v.

P. L. CHARLES, District Director Internal Revenue, Defendant.

Civ. A. No. 2993.

United States District Court
S. D. Ohio, W. D.

May 3, 1966.

---

## MEMORANDUM OPINION
## AND
## JUDGMENT

WEINMAN, Chief Judge.

This case has been submitted to the Court for final determination. In this action, plaintiff seeks a refund of employment taxes, penalties and interest paid for the taxable periods January 1, 1957 to June 30, 1960 in the total amount of $3,219.49. During the period in suit, the plaintiff did not file the required employers quarterly federal tax returns, nor did he withhold income taxes or federal insurance contribution taxes. Delinquent returns were returned by James E. Swanton, an internal revenue officer, who had determined the amount of the wages paid by examining the plaintiff's income tax returns and cancelled checks. As a result of the audit, an assessment against the plaintiff was made in the following amounts:

| | |
|---|---|
| Withholding tax | $1,682.73 |
| F.I.C.A. tax | 451.90 |
| Failure to file penalty | 533.67 |
| Interest | 527.19 |
| Advertising Expense | 24.00 |
| Total | $3,219.49 |

On November 20, 1962, plaintiff paid the foregoing assessment. On December 19, 1962, he filed a claim for refund which was denied on June 24, 1963. Subsequently, on January 24, 1964, this action was filed.

There are two issues presented to the Court in this action: 1) Whether the workmen hired by the plaintiff were independent contractors rather than his employees within the meaning of the Federal Social Security Act and the Withholding Tax Statute and 2) Whether the plaintiff's failure to file employment tax returns was due to reasonable cause and not to wilful neglect.

■■ Plaintiff, Carl E. Kessler, dba Kessler Roofing and Remodeling Company was engaged in the home improvement business. His work consisted mainly of building garages, applying new roofing to homes, adding rooms and doing various types of cement work. Most of his work was secured through recommendations from people for whom he had worked in the past. The Court has heard the evidence regarding the manner in which plaintiff conducted his business and having carefully considered that evidence the Court finds that within the meaning of the Federal Social Security Act and the Withholding Tax Statute,* the workmen hired by plaintiff were employees rather than independent contractors. However, the Court finds that plaintiff has proved by a preponderance of the evidence that his failure to file employment tax returns was due to reasonable cause and not to wilful neglect.

### JUDGMENT

Accordingly, it is the judgment of the Court that defendant shall refund to plaintiff the failure to file penalty of $533.67 plus any interest which plaintiff was required to pay upon that penalty. Further, plaintiff is entitled to interest, according to law, upon the judgment rendered by this Court.

---

* The Court has considered 26 U.S.C.A. §§ 3101, 3111, 3121(d) (2), 3401(d) and 3403 and Treasury Regulations §§ 31.-3121(d)–1 and 31.3401(c)–1. The Court has further considered the cases cited by defendant which applied the foregoing statutes and regulations.